UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON R. NORTON, #528659,

        Plaintiff,

                              CASE NO. 2:07-CV-14104
v.                            HONORABLE LAWRENCE P. ZATKOFF

KEN ROMANOWSKI, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. Introduction**

Plaintiff Jason R. Norton, a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff appears to be suing several Michigan Department of Corrections employees because he is not allowed to smoke in his prison cell. Plaintiff lists grievances that he has filed, but does not set forth detailed factual allegations in support of his complaint. Plaintiff seeks monetary damages. Having reviewed the complaint, the Court dismisses it as frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court also concludes that an appeal cannot be taken in good faith.

**II. Discussion**

Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss a complaint brought by a prisoner proceeding *in forma pauperis* if the complaint is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997(e)(c). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Mueller v. Gallina*, 137 Fed. Appx. 847, 850 (6th Cir. 2005); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal.

In his complaint, Plaintiff appears to allege that he is being denied the opportunity to smoke in his prison cell based upon a Michigan Department of Corrections policy which prohibits smoking in all prisoner living units. There is, however, no constitutional right to smoke in prison. *See Ballard v. City of Inkster*, No. 92-1203, 1992 WL 301278, *1 (6th Cir. Oct. 21, 1992); *Alder, et al. v. Caruso, et al.*, No. 07-11259, 2007 WL 2335413 (E.D. Mich. Aug. 16, 2007); *accord Mauchlin v. Hood*, 167 Fed. Appx. 735, 736 (10th Cir. 2006); *Beauchamp v. Sullivan*, 21 F.3d 789, 790 (7th

Cir. 1994); *Grass v. Sargent*, 903 F.2d 1206 (8th Cir. 1990). Denial of smoking privileges is "an ordinary incident of prison life that [does] not impose an atypical and significant hardship" on a prisoner sufficient to implicate the due process clause. *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, *1 (6th Cir. Feb. 15, 1996). Moreover, Plaintiff has failed to set forth factual or legal arguments to support his claim. Conclusory allegations of unconstitutional conduct are insufficient to state a civil rights claim. *See Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Jackson v. Madery*, 158 Fed. Appx. 656, 659 (6th Cir. 2005). Accordingly, Plaintiff's civil rights complaint must be dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and that his civil rights complaint must be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: October 12, 2007

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 12, 2007.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290